UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KATHERINE G. HARNER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No.: 3:13-cv-123 |
| | ) |
| DAVIESS COMMUNITY HOSPITAL | ) |
| | ) |
| Defendant. | ) |

COMPLAINT FOR DAMAGES
(Demand for Trial by Jury)

The Plaintiff, Katherine G. Harner, by counsel, Lane C. Siesky and Karolina Viehe of Siesky Law Firm, PC and for her causes of action against the Defendant, Daviess Community Hospital ("Daviess Community Hospital"), states as follows:

I.
NATURE OF CAUSE

1.  This action is brought under the provisions of the Americans With Disabilities Act, 42 U.S.C.A. §§ 12101, *et seq*. ("ADA"), pursuant to the provisions of the Family Medical Leave Act, 29 U.S.C.A. §§ 2601, *et seq*. ("FMLA"), pursuant to the provisions of the Employee Retirement Income Security Act, § 510, 29 U.S.C.A. § 1140 ("ERISA") and under 28 U.S.C.A. § 1331 and § 1343 to redress and enjoin unlawful employment practices. Moreover, this action is brought pursuant to a common law theory of infliction of emotional distress.

II.
JURISDICTION

2.  At all times relevant hereto, Katherine G. Harner ("Harner") resided at 10820 Sherfick School Road in Shoals, Indiana.

3.  At all times relevant hereto, Defendant Daviess Community Hospital was a domestic non-profit corporation created under the laws of the State of Indiana.

4.  At all times relevant hereto, Defendant Daviess Community Hospital did business in and around Southern Indiana and had its principal place of business in Washington, Indiana.

5.  Defendant Daviess Community Hospital itself or in conjunction with related corporations and business entities which comprise the Defendant employed more than fifty (50) people for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto and therefore Defendant was an "employer" under the FMLA.

6.  Also, Defendant Daviess Community Hospital is an "employer" as that term is defined by the ADA and by ERISA.

7.  At all times relevant hereto, Plaintiff Harner was an "employee" as that term is defined by the ADA and by ERISA.

8.  Further, Plaintiff Harner worked for Defendant Daviess Community Hospital for more than one year and greater than twelve hundred and fifty (1250) hours in the twelve (12) months preceding her medical leave and therefore was an "eligible employee" under the FMLA.

9.  Plaintiff Harner filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). This charge was docketed as No. 470-2012-03281 and a copy of the same is attached hereto as Exhibit "A".

10. On March 18, 2013, the EEOC issued a Notice of Right to Sue on Charge No. 470-2012-03281. This notice is attached hereto as Exhibit "B".

11. All conditions for the institution of this action have been met.

12. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §§ 1331 and 1343.

13. All events pertinent to this lawsuit have occurred in the Southern District of Indiana, thus venue in this Court is proper.

## III.
## GENERAL ALLEGATIONS

14. Plaintiff Harner began employment with Defendant Daviess Community Hospital in or about May of 2008.

15. At the time of her hire, Harner's job description was that of radiological technologist.

16. As part of her employment with Defendant Daviess Community Hospital, Harner enjoyed health insurance benefits and Harner's son, Charles Harner, was on her health insurance policy with Defendant Daviess Community Hospital as well.

17. Upon information and belief, Defendant Daviess Community Hospital was self-insured with respect to health insurance coverage it provided to its other employees. Alternatively, Defendant Daviess Community Hospital's cost for premiums depended, at least in part, upon the medical treatment and related expense incurred by its plan participants, such as Charles Harner.

18. At all times relevant hereto, Harner's job performance met or exceeded the expectations of Defendant Daviess Community Hospital.

19. However, Harner's son began having medical problems in or about May of 2011, and was later diagnosed with a disability, complex regional pain syndrome.

20. As such, Plaintiff Harner exercised twelve (12) weeks of FMLA leave in the year 2011.

21. In or about May of 2012, Plaintiff Harner requested additional FMLA leave in order to take care of her son, who required ongoing care for daily activities. Also, his condition

necessitated out-of-town medical care. The medical treatment for Harner's son was very costly and necessitated Harner to be away from her job at times.

22. At the time of her FMLA request in 2012, Plaintiff Harner had accrued approximately 126 hours of paid time off ("PTO").

23. Yet, Harner's request for FMLA leave was denied and she was told by Marilyn, from Respondent's Human Resource department, that she could not utilize her PTO to care for her son or to take him to the out-of-town medical treatment.

24. Defendant Daviess Community Hospital's denial of Harner's right to exercise FMLA leave and the denial of Harner using her PTO to take care of her son is in direct contradiction to Defendant Daviess Community Hospital's Employee Handbook.

25. Moreover, Defendant Daviess Community Hospital retaliated against Plaintiff Harner for her making said requests and terminated her employment on May 16, 2012.

26. At the time of her termination, Plaintiff Harner earned $17.79 per hour.

27. Prior to her termination, Plaintiff Harner has not received any progressive discipline.

28. Defendant Daviess Community Hospital's conduct violated the American's with Disability Act ("ADA"), the Family Medical Leave Act ("FMLA") and the Employee Retirement Income Security Act ("ERISA"), sec. 510.

29. As a result, Plaintiff Harner suffered loss of income and health insurance (as well as health insurance for her son), loss other employment benefits, humiliation and emotional distress.

## IV.
## CAUSES OF ACTION

### Count 1.
### Violation of the ADA (by association)

30. Plaintiff Harner incorporates herein by reference the material allegations of Paragraphs 1 – 29 above.

31. The American's with Disability Act ("ADA"), 42 U.S.C. sec. 12112(b)(4), prohibits employers from discrimination against employees, such as Plaintiff Harner, who have an "association" with someone with a disability.

32. Plaintiff Harner was qualified for the job at the time she was fired.

33. Plaintiff Harner was subjected to an adverse employment action.

34. Plaintiff Harner's son was known by the Defendant to have a disability.

35. Defendant Daviess Community Hospital knew that Plaintiff Harner and her son would be costly to Defendant Daviess Community Hospital because of the health insurance benefits paid on account of the medical treatment needed by Harner's son.

36. Defendant Daviess Community Hospital also knew that Plaintiff Harner may be distracted because of her son's complex regional pain syndrome.

### Count 2.
### Retaliation

37. Plaintiff Harner incorporates herein by reference the material allegations of Paragraphs 1 – 36 above.

38. Plaintiff Harner engaged in a protected activity by reporting her son's condition to the management of Defendant and requesting FMLA leave and/or the use of her PTO hours.

39. Plaintiff Harner was terminated after she informed management for Defendant of her son's condition and after her attempting to utilize FMLA leave.

40. A causal connection exists between Plaintiff Harner's informing management of her son's condition and her attempting to utilize FMLA leave.

41. Plaintiff Harner suffered damages as a result of Defendant Daviess Community Hospital's retaliatory conduct.

### Count 3
### Intentional Infliction of Emotional Distress

42. Plaintiff Harner incorporates herein by reference the material allegations of Paragraphs 1 – 41 above.

43. Defendant Daviess Community Hospital engaged in extreme and outrageous conduct described herein.

44. Defendant Daviess Community Hospital engaged in the conduct with the intent to cause and in the reckless disregard of the probability of causing Plaintiff Harner to suffer emotional distress.

48. As a proximate result of Defendant Daviess Community Hospital's conduct, Plaintiff Harner suffered emotional distress.

### Count 4
### Violation of the ERISA

49. Plaintiff Harner incorporates herein by reference the material allegations of Paragraphs 1 – 48 above.

50. ERISA § 510, sec. 1140 provides that it is unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he/she is entitled under the provisions of an employee benefit plan.

51. Harner and her son, Charles, belonged to a protected class, as Harner was a participant and Harner's son, Charles, was a beneficiary of Defendant Daviess Community Hospital's health insurance coverage, an employee benefit plan.

52. Harner was qualified for her position.

53. Harner was fired, at least in part, because Defendant Daviess Community Hospital wanted to avoid the cost of paying for the medical bills and expenses or the increase in premiums associated with the treatment for the health condition of Harner's son, Charles.

## V.
## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant including but not limited to:

a. Compensatory damages, including but not limited to compensation for Plaintiff's emotional suffering and mental anguish and for the damage to Plaintiff's professional reputation, all in an amount to be proved at trial and other non-pecuniary damages in an amount to be determined at trial;

b. Back pay, prejudgment interest on the back pay and other compensations due and owing, compensation for the loss of Plaintiff's health insurance coverage, retirement benefits, vacation pay, and other employment benefits;

c. Liquidated and punitive damages, the exact dollar amount to be determined at trial;

d. Front pay;

e. Injunctive relief enjoining Defendant from continuing to foster a discriminatory workplace;

  f. Costs incurred in pursuing this action, including reasonable attorney fees and the fees of Plaintiff's experts, if any;

  g. Injunction, mandamus and restitution, including reinstatement, and an injunction against termination;

  h. This Court retaining jurisdiction of this action to ensure full compliance by Defendant with the Court's judgment and decree; and

  i. All such other relief to which Plaintiff may be entitled and which may be just and proper in the premises.

         Respectfully submitted,

         */s/ Karolina Viehe*
         Lane C. Siesky, Atty. No. 21094-53
         Karolina Viehe, Atty. No. 30894-82
         SIESKY LAW FIRM, PC
         4424 Vogel Rd., Suite 305
         Evansville, Indiana 47715
         Telephone: (812) 402-7700
         Fax:  (812) 402-7744
         lane@sieskylaw.com
         karolina@sieskylaw.com
         ATTORNEYS FOR PLAINTIFF

RESERVATION OF RIGHTS

Pursuant to the rules of pleading and practice, Plaintiff Harner reserves the right to assert additional violations of Federal Law and to assert violations of State Law.

/s/ Karolina Viehe
Lane C. Siesky, Atty. No. 21094-53
Karolina Viehe, Atty. No. 30894-82
SIESKY LAW FIRM, PC
4424 Vogel Rd., Suite 305
Evansville, Indiana 47715
Telephone: (812) 402-7700
Fax:  (812) 402-7744
lane@sieskylaw.com
karolina@sieskylaw.com
ATTORNEYS FOR PLAINTIFF

JURY DEMAND

Plaintiff Harner demands trial by jury on all counts of this Complaint.

/s/ Karolina Viehe
Lane C. Siesky, Atty. No. 21094-53
Karolina Viehe, Atty. No. 30894-82
SIESKY LAW FIRM, PC
4424 Vogel Rd., Suite 305
Evansville, Indiana 47715
Telephone: (812) 402-7700
Fax:  (812) 402-7744
lane@sieskylaw.com
karolina@sieskylaw.com
ATTORNEYS FOR PLAINTIFF